UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LARONDA MICHELLE BRUINS | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| v. | § | |
| | § | |
| INTEL CORPORATION | § | |
| and JARED ROSS | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT AND JURY DEMAND

### NATURE OF THIS ACTION

1.      This is an action for damages brought by LaRonda Michelle Bruins for overtime pay. During the Plaintiffs employment, the Defendants failed to pay the Plaintiff overtime compensation required under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"),

2.      PLAINTIFF DEMANDS A JURY TRIAL.

### JURISDICTION

3.      This Court has jurisdiction over the subject of this action under 28 U.S.C. §1331 (Federal Question) and 29 U.S.C. § 216(b) (FLSA).

### VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b).  The events or omissions giving rise to Plaintiff's claim for overtime pay occurred in the Eastern District of Texas.

1

## PARTIES

5.      Plaintiff LaRonda Michelle Bruins is an individual residing in Collin County, Texas.

6.      Defendant Intel Corporation is a corporation doing business at 5000 Headquarters Drive, Plano, Texas in Collin County, Texas.

7.      Defendant Jared Ross works for Defendant Intel Corporation at 5000 Headquarters Drive, Plano, Texas in Collin County, Texas.

## FACTS

8.      Beginning July, 2012, Plaintiff was screened by netPolarity, Inc. to be a candidate to work as a contract paralegal for an entity named McAfee previously acquired by Defendant Intel Corporation but not yet fully integrated into Defendant Intel Corporation. At some point the name of the entity Plaintiff worked for was changed from McAfee to Intel Security.

9.      At all times herein Intel Security was a division of Defendant Intel Corporation.

10.     Prior to being hired, Plaintiff was interviewed by Defendant Jared Ross, Defendant Jared Ross made the final decision to hire Plaintiff.

11.     Plaintiff worked for Defendant Intel at its Dallas area headquarters, 5000 Headquarters Drive, Plano, Texas.

12.     Defendant Jared Ross assigned work to Plaintiff, supervised Plaintiff and set Plaintiff's work schedule.  At one-point Plaintiff, who had been working part-time, spoke to Jared Ross about working full time because she could not accomplish the work assigned to her working only part-time.  Jared Ross approve the change of her hours to full time.

13.     While Plaintiff worked for Defendant Intel Corporation, Defendant Intel Corporation required her to attend at a minimum three training sessions conducted by Defendant Intel Corporation; one on code of conduct and ethics, one on security, and one on sexual harassment.

2

14.     Beginning February 2015 to December 2015, Plaintiff was assigned to work on integrating Intel Security into Defendant Intel corporation. During this period, Plaintiff reported not only reporting to Jared Ross but also reported to Courtney Barth-Green, a lawyer with Axiom, a law firm hired by Defendant Intel Corporation to supervise the integration of Intel Security into Defendant Intel Corporation.

15.     Beginning February 2015 through December 2015, Plaintiff worked numerous hours over 40 hours per week but was not paid one and one-half times her regular rate of pay for all hours worked over 40 hours per week.

16.     Plaintiff's regular rate of pay during the period February 2015 to December 2015 was $39.50 per hour.

17.     Defendant Intel Corporation was the "employer" of Plaintiff as that term is defined in 29 U.S.C. § 203(d).

18.     Defendant Intel Corporation operated as an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. §203(s).

19.     During her employment by the Defendant Intel Corporation, Plaintiff was engaged in "commerce" within the meaning of 29 U.S.C. §203 (b).

20.     During her employment Defendant Jared Ross acted directly and indirectly in the interest of Defendant Intel Corporation in relationship to Plaintiff within the meaning of 29 U.S.C. §203(e).

21.     As an employee of Defendant Intel Corporation, Plaintiff was entitled to the protections of the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

22.     From February 2015 through December 2015 Plaintiff regularly worked over forty (40) hours per week for Defendants.

23.     Defendants failed or refused to pay Plaintiff one and one-half times her regular rate of pay for all hours worked over forty in any work week.

24.     Defendants' actions in violating the Fair Labor Standards Act were willful.

25.     Defendants knew or should have known that their policies and practices violated the Fair Labor Standards Act.

26.     From February, 2015 through December, 205, Defendants did not employ Plaintiff in a bona fide executive position.

27.     From February, 2015, through December 2015, Defendants did not employ Plaintiff in a bona fide administrative position.

28.     From February, 2015, through December, 2015, Defendants did not employ Plaintiff in a bona fide professional position.

29.     Defendants knew or showed reckless disregard that their actions complied with the Fair Labor Standards Act.

30.     Defendants failure to obey the Fair Labor Standards act was not in good faith.

31.     Defendants failure to obey the Fair Labor Standard Act was not predicated upon reasonable grounds.

WHEREFORE, Plaintiff prays that judgment be awarded to her for unpaid overtime, for an additional equal amount as liquidated damages for the overtime violation, with costs of Court and interest, that the Court allow Plaintiff a reasonable attorney's fee to be paid by the Defendants.

Respectfully submitted,

By: _____
William Lamoreaux
Texas Bar No. 11852800
Email:  blamlaw@gmail.com
900 Jackson Suite 180
Dallas, TX 75202
Tel. (214) 747-2012
Fax. (214) 747-3212
Attorney for Plaintiff Michelle Bruins